# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| J. LLOYD INTERNATIONAL, INC., | |
| Plaintiff, | No. 10-CV-83-LRR |
| vs. | **ORDER** |
| SUPER WINGS INTERNATIONAL, LTD., | |
| Defendant. | |

## *I. INTRODUCTION*

The matter before the court is Defendant Super Wings International, Ltd.'s "Motion to Dismiss or For More Definite Statement or to Quash Service" ("Motion") (docket no. 4).

## *II. PROCEDURAL BACKGROUND*

On June 14, 2010, Plaintiff J. Lloyd International, Inc. filed a Complaint (docket no. 2). In Count I, Plaintiff alleges that Defendant manufactured defective "moulds and toys" and, as a result, "Plaintiff was unable to manufacture certain toys for the Christmas market for the year 2009 and will be unable to manufacture toys for the Christmas season in 2010." Complaint at ¶ 6. In Count II, Plaintiff alleges that Defendant "guaranteed" it would manufacture toys according to "the United States government's specifications and standards for safety," but Defendant falsified documents indicating the toys satisfied the government's safety standards, when, in fact, "the toys did not meet the specifications set forth by the United States government." *Id.* at ¶ 10.

On July 6, 2010, Defendant filed the Motion. Defendant asks the court to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5), 12(b)(6) and 13(a). Alternatively, Defendant moves for a more definite

statement pursuant to Federal Rule of Civil Procedure 12(e) or to quash service. On July 30, 2010, Plaintiff filed a Resistance (docket no. 11). On August 6, 2010, Defendant filed a Relpy (docket no. 12).

## III. ANALYSIS

Because Defendant attacks the court's subject matter jurisdiction, the court must address that issue before considering Defendant's other arguments. *See United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1155-56 (2d Cir. 1993) (stating the court should address Fed. R. Civ. P. 12(b)(1) challenge before Fed. R. Civ. P. 12(b)(6) motion); *see also Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (stating the district court must consider jurisdictional motions first because a court must find jurisdiction before considering the merits of a claim).

### A. Subject Matter Jurisdiction

"In order to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In this case, Defendant challenges the face of the Complaint. Specifically, Defendant claims that Plaintiff failed to make any allegations to support a finding of diversity of citizenship or the requisite amount in controversy under 28 U.S.C. § 1332. "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.* at 593.

The Complaint is devoid of any jurisdictional statement. It does not assert federal question jurisdiction pursuant to 28 U.S.C. § 1331, nor does the Complaint sufficiently allege diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff contends that the Complaint "clearly satisf[ies] the requirements of [28 U.S.C.] § 1332(a)(2)" because "[Plaintiff] is an Iowa corporation and [Defendant] is a corporation organized under the laws of Hong

2

Kong[.]" Plaintiff's Brief in Support of Resistance ("Brief") (docket no. 11-1), at 4. Plaintiff then attempts to amend the Complaint in its Brief, stating, "[Plaintiff] would assert that [the amount in controversy] is far in excess of $75,000, and would amend [its] complaint to include this assertion." *Id.* at 5.

In reviewing a facial challenge to a complaint's averments of jurisdiction, the court is limited to the face of the pleadings and may not consider matters discussed outside the pleadings. *See Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Plaintiff's attempt to amend the Complaint through its Brief fails, *see* LR 7.e ("A resistance to a motion may not include a separate motion . . . ."), and this court may not consider any additional information therein, *see Osborn*, 918 F.2d at 729 n.6. The Complaint fails to allege the existence of subject matter jurisdiction. Accordingly, the court shall dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

### *B. Failure to State a Claim*

Defendant also asks the court to dismiss all claims in the Complaint pursuant to Federal Rule of Civil Procedure12(b)(6). Although the court need not reach this issue, the court finds that dismissal is also appropriate under Rule 12(b)(6).

#### *1. Standard*

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim when it fails "to state a claim upon which relief can be granted." When ruling on a Rule 12(b)(6) motion, the court must accept as true all of the factual allegations in the complaint, "no matter how skeptical the court may be." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1959 (2009). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord B&B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009). Stated differently, "a complaint must contain factual allegations sufficient 'to

raise a right to relief above the speculative level[.]'" *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555); *see also Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (examining federal pleading standards).

Although a plaintiff need not provide "detailed" facts in support of his or her allegations, the "short and plain statement" requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 555); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary [under Federal Rule of Civil Procedure 8(a)(2)]."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949 (quoting *Bell Atl.*, 550 U.S. at 555). And, "[w]here the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

   *2.   Analysis*

The Complaint does not set forth any legal basis for Plaintiff's claims. Under Count I, Plaintiff alleges that Defendant manufactured defective "moulds and toys," and that Plaintiff was unable to manufacture certain toys as a result. Complaint at ¶ 6. Plaintiff does not allege the existence of any contract between the parties, nor does Plaintiff allege any other viable theory of Defendant's liability.

Similarly, Count II of the Complaint fails to set forth any clear legal basis for a claim against Defendant. Plaintiff alleges that Defendant "guaranteed to manufacture certain toys that met the United States government's specifications and standards for safety for the Plaintiff." *Id.* at ¶ 8. Plaintiff further alleges that Defendant falsified

4

documentation indicating the "toys had been inspected and had passed the standards set by the United States government," but the toys did not meet such specifications and had to be destroyed. Id. at ¶ 10. It is not clear from the face of the Complaint whether Plaintiff is attempting to allege a contractual claim against Defendant, or some type of fraud claim, in which case Plaintiff would be required to plead "with particularity the circumstances constituting fraud" under Federal Rule of Civil Procedure 9(b). To the extent Count II could be read as setting forth a breach of contract claim, there are insufficient facts alleged "'to state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949 (quoting *Bell Atl.*, 550 U.S. at 570). A complaint that merely "tenders 'naked assertions' devoid of 'further factual enhancement,'" *Id.* (quoting *Bell Atl.*, 550 U.S. at 556) (internal marks omitted), is insufficient to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)(2), *see id*. Therefore, the court shall dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

### C. Defendant's Remaining Arguments

Having found Plaintiff's Complaint to be subject to dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the court declines to address Defendant's remaining arguments for dismissal under Rules 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5), and 13(a).

### IV. CONCLUSION

In light of the foregoing, the Motion (docket no. 4) is **GRANTED** and the Complaint (docket no. 2) is **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant and **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED** this 24th day of August, 2010.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA